ROSADO, APPELLANT, *v.* SUCCESSION OF MATTA, RESPONDENT.

· Appeal from the District Court of Humacao.

No. 931.—Decided March 26, 1913.

NATURAL CHILDREN—ACTION FOR ACKNOWLEDGMENT—PRESCRIPTION.—The plaintiff having been born on January 12, 1888, and her putative father having died on January 9, 1911, the action for acknowledgment filed by her on May 22, 1911, had prescribed according to the provisions of section 199 of the Revised Civil Code.

CONSTRUCTION OF LAW—ACTIONS—REPRESENTATIVES—TESTAMENTARY EXECUTOR—HEIRS.—The provisions of section 41 of the Code of Civil Procedure are applicable only to actions prosecuted against the executor or administrator of the property of the deceased and against the estate. and not to an action against the heirs of the deceased, because the word representatives refers to the executor or the administrator, but not to the heirs.

The facts are stated in the opinion.

*Mr. José G. Torres* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The question to be decided in this case is whether the action of Leoncia Rosado, known as Zenobia Rosado, to claim filiation in relation to Teodosio Matta, deceased, with its corresponding benefits, has prescribed, as was decided by the District Court of Humacao, which dismissed the complaint of Leoncia Rosado without special imposition of costs by a judgment of November 1, 1912. From this judgment the plaintiff took the present appeal.

The complaint alleges, and these facts are admitted by the defendant succession which is composed of the widow and children of Teodosio Matta, that the plaintiff was born on January 12, 1888, that Matta died on January 9, 1911, and that said complaint was filed in the office of the secretary of the lower court on May 22, 1911.

Counsel for the appellant acknowledges in his brief that the action instituted to claim filiation should be governed by section 199 of the Revised Civil Code, but contends that said section should be applied in connection with section 41 of the Code of Civil Procedure.

The part of section 199 of the Civil Code which is applicable to the case reads as follows:

"Section 199. An action to claim filiation may be filed at any time within two years after the child shall become of age * * *."

The pertinent part of section 41 of the Code of Civil Procedure reads as follows:

"Section 41. * * *. If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, an action may be commenced against his representatives after the expiration of that time, and within one year after the issuing of letters testamentary or of administration."

Now, Leoncia Rosado was born on January 12, 1888, and

therefore, in accordance with section 317 of the Civil Code which provides that majority begins at the age of 21 years, she attained her majority on the same day and month of the year 1909. And as the action to claim filiation did not prescribe until two years after Leoncia Rosado became of age, or, in other words, until January 12, 1911, it is obvious that when Teodosio Matta died on January 9 of the same year the plaintiff still had three days in which to exercise her right of action for filiation. She did not institute the same until May 22 and, therefore, when she did it was already extinguished or had prescribed for the reason that more than two years had elapsed since the date on which the plaintiff attained her majority.

Leoncia Rosado cannot depend upon the provisions of section 41 of the Code of Civil Procedure in defense of her right.

The part of the English text of said section applicable to this case is quoted above.

The following is a literal translation:

"* * *. *Si una persona contra quien una acción puede ejercitarse fallece antes del vencimiento del tiempo señalado para su comienzo, la acción puede ser iniciada contra sus representantes después del vencimiento del término y dentro de un año después de la expedición de las cartas testamentarias o de administración.*"

The word "representatives" of said section does not comprise the heirs, but the executor or administrator, for, according to section 51 of the Act relating to Special Legal Proceedings, approved March 9, 1905, it shall be the duty of the administrators and, until they are appointed, of the executors, to represent the deceased in all proceedings begun by or against him before his death, and in those which may be instituted afterwards by or against the estate.

We understand, therefore, that section 41, whatever may be its meaning and scope, is applicable only to a case where

the action is brought against the executor or administrator of the property of the deceased and against the estate.

In the case at bar the action for filiation has been brought neither against the executor nor the administrator of Teodosio Matta nor against his estate. Therefore the section transcribed is not applicable.

For the foregoing reasons the judgment appealed from should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.